UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MALIK MYRES,                                             :
             Plaintiff,                            :
                                                   :   **MEMORANDUM & ORDER**
      -against-                                 :   **OF REMAND**
                                                   :   **23-cv-5232(DLI)(MMH)**
SPEEDWAY, LLC,                                           :
             Defendant.                           :
---------------------------------------------------------x

**DORA L. IRIZARRY, United States District Court Judge:**

      On June 15, 2023, Malik Myres ("Plaintiff") filed this personal injury action in New York State Supreme Court, Kings County ("state court") against Speedway LLC ("Defendant"), alleging state law tort claims in connection with a trip and fall accident. *See,* Complaint ("Compl."), Dkt. Entry No. 1-1. On July 10, 2023, Defendant removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See*, Removal Notice ("Notice"), Dkt. Entry No. 1, ¶ 4. To date, Plaintiff has not filed a motion for remand. For the reasons set forth below, this case is remanded to state court *sua sponte* for failure to establish subject matter jurisdiction.

**DISCUSSION**

      As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute to authorize a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See*, *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender*

*v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

Where, as here, a defendant removes a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met. *See, Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011).  "Such requirements include establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a)." *Franco v. Marina Dev. Co.,* 2022 WL 13685450, at *1 (E.D.N.Y. Oct. 21, 2022) (citing *Lupo*, 28 F.3d at 273-74).  Particularly, a removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost.  *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a).  "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273-74 (internal quotation marks and citations omitted).  Here, as explained below, Defendant has failed to establish that the amount in controversy requirement is met, warranting remand.

As an initial matter, Defendant "cannot meet [its] burden by relying on inferences drawn from the Complaint, because the Complaint does not allege a damages amount." *See, Lachmanaya v. Rocky Towing, LLC, et al,* 2023 WL 2329855, at *4 (E.D.N.Y. Mar. 2, 2023) (internal quotation marks and citations omitted).  Indeed, Defendant acknowledges that "[the] Complaint does not specify the amount of damages." Notice ¶ 8.  Instead, Defendant contends that "[the] amount in

2

controversy exceeds the $75,000.00 threshold" because defense counsel "spoke with [P]laintiff's counsel…who advised that [P]laintiff fractured his finger in the accident and underwent open reduction internal fixation surgery" and would not "agree to cap damages at $75,000.00." *Id.*

However, "the fact that a plaintiff will not stipulate to damages of less than $75,000" or agree to "a $75,000 damages cap" does not "alone compel a conclusion that the actual amount in controversy is more than $75,000[.]" *See, Price v. PetSmart, Inc.*, 148 F. Supp.3d 198, 201-02 (D. CT. 2015); *CG by Georges v. Target Corp.*, 2022 WL 15497124, at *2 (E.D.N.Y. Oct. 27, 2022). District courts in this Circuit repeatedly have declined to find the amount in controversy requirement satisfied based on allegations of a plaintiff's refusal to cap damages at $75,000 or less. *See, e.g., Ma v. United Rentals, N.A., Inc.*, 2023 WL 4102684, at *2-4 (S.D.N.Y. June 21, 2023) (remanding action for failure to satisfy amount in controversy where defendant alleged that plaintiff "refused to sign a stipulation stating that his damages were $75,000 or less" and collecting cases finding same); *CG by Georges*, 2022 WL 15497124, at *2 (remanding action *sua sponte* for failure to satisfy amount in controversy where defendant relied "primarily on the fact that [p]laintiffs would not stipulate to a $75,000 damages cap").

As such, Defendant's allegation regarding Plaintiff's counsel's refusal to agree to cap damages does not suffice to satisfy its burden. This is particularly so given that Defendant provided no evidence in writing to substantiate the allegation, instead expecting the Court to rely on Plaintiff's counsel's alleged verbal statement. *See, Price*, 148 F. Supp.3d at 201 (remanding action for failure to satisfy amount in controversy requirement where "defendants d[id] no more than characterize in the vaguest of terms what they claim plaintiff's counsel told them on the telephone" regarding her refusal to cap damages at $75,000 "and there remain[ed] no real underlying evidence to support an amount in controversy that is even close to $75,000").

3

Moreover, and significantly, neither the Complaint nor the Notice contains sufficient information concerning "'the nature and extent of Plaintiff's injuries, the treatment received, or details regarding the other losses he purportedly suffered'" to permit this Court to draw a reasonable inference that the amount in controversy requirement is satisfied. *See, Doe v. Warner,* 2023 WL 2349914, at *4 (E.D.N.Y. Mar. 3, 2023) (quoting *Herrera v. Terner*, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016)); *CG by Georges*, 2022 WL 15497124, at *2 (same). As such, the Court is left to guess at the amount in controversy based on the Complaint's boilerplate allegation that "[P]laintiff was caused to be seriously and severely injured" and the Notice's bare allegation that Plaintiff's counsel "advised that [P]laintiff fractured his finger in the accident and underwent open reduction internal fixation surgery." Compl. ¶ 21; Notice ¶ 8.

Such boilerplate pleadings are too generalized to enable the Court to "draw a reasonable inference[,] as opposed to speculating[,] that the damages or amount in controversy exceeds $75,000." *Minaudo v. Sunrise at Sheepshead Bay*, 2023 WL 110359, at *3 (E.D.N.Y. Jan. 5, 2023) (collecting cases remanded for failure to establish amount in controversy, even where permanent, serious, and fatal injuries were alleged because allegations did not particularize extent of injuries or damages); *See, e.g., Thurlow v. Costco Wholesale Corp.*, 2017 WL 387087, at *2 (W.D.N.Y. Jan. 27, 2017) (remanding case for failure to satisfy amount in controversy even though it was alleged that plaintiff suffered fractures to specific body parts and underwent surgery); *Ma,* 2023 WL 4102684, at *2-4 (finding "[a]llegations of injury themselves, without any statement of damages," insufficient to satisfy amount in controversy requirement, even when considered with plaintiff's refusal to cap damages at $75,000). Accordingly, as Defendant has failed to establish with reasonable probability that the amount in controversy requirement has been met for purposes

4

of establishing diversity jurisdiction, this Court lacks subject matter jurisdiction, warranting remand.

Significantly, Defendant was not without recourse to determine the amount of damages Plaintiff seeks. "As courts in this district have reiterated time and time again in *sua sponte* remanding cases, the state courts provide an established and simple mechanism for ascertaining the amount in controversy, through a supplemental demand under [N.Y. C.P.L.R.] § 3017(c)[.]" *Cavaleri v. Amgen Inc.,* 2021 WL 951652, at *3 (E.D.N.Y. Mar. 12, 2021) (collecting cases). Defendant "could have availed [itself] of this procedural mechanism that permits a defendant in 'an action to recover damages for personal injuries' to[,] 'at any time[,] request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.'" *See, Doe,* 2023 WL 2349914, at *4 (quoting N.Y. C.P.L.R. § 3017(c)). Under this mechanism, a plaintiff is required to provide the supplemental demand within fifteen days of the request and failure to provide the information allows a defendant to move in the state court for an order directing the production of that information. N.Y. C.P.L.R. § 3017(c). Additionally, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

Thus, instead of removing the action to this Court prematurely, Defendant could, and should, have availed itself of this mechanism. *See, e.g., Warner,* 2023 WL 2349914, at *4 (finding removal of state action "premature" where defendant "failed to avail himself of" N.Y. C.P.L.R. § 3017(c) to determine the amount of damages plaintiff sought before removing); *Cadmen v. CVS Albany, LLC,* 2022 WL 138056, at *2 n. 2 (E.D.N.Y. Jan. 14, 2022) (same). Having failed to do so, Defendant "'proceed[ed] at [its own] peril' in removing this case and 'simply presuming that

5

[their] allegations [would] be deemed sufficient with respect to the required amount in controversy.'" *See, Warner,* 2023 WL 2349914, at *4 (quoting *Cavaleri*, 2021 WL 951652, at *3 (collecting cases)).

## CONCLUSION

For the reasons set forth above, this case is remanded for lack of subject matter jurisdiction to New York State Supreme Court, Kings County, under Index No. 517662/2023, for further proceedings.

SO ORDERED.

Dated: Brooklyn, New York
         September 19, 2023

/s/
_____
DORA L. IRIZARRY
United States District Judge